

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-3391
Re: Liability of Lone Star Cement
Corporation, under Article
7047 (41a), Revised Civil
Statutes of Texas, for taxes
on cement sold to Brown-
Bellows-Columbia Construction
Company, independent contrac-
tors for the construction of
a Naval Air Station at Corpus
Christi, Texas, under Contract
NOy-4090, with the Bureau of
Yards and Docks of the U. S.
Navy Department.

Your letter of March 31, 1941, with the attached
letter to you, of date March 27, 1941, from Honorable Lewis
R. Ferguson, Vice-President, Lone Star Cement Corporation,
presents a request for our ruling on the applicability of
Article 7047, Section 41a, Subsection (a), Revised Civil
Statutes of Texas, to sales of cement by the Lone Star Cement
Corporation for use in the construction of the above describ-
ed project.

In our opinion No. O-3049, directed to you, we de-
termined the applicability of said cement tax on sales of
cement by the Lone Star Cement Corporation to a contractor
under a "cost-plus-a-fixed-fee" contract with the War Depart-
ment for the construction of a Tulnol and Explosive plant at
Baytown, Texas. After a full and careful consideration of
all the pertinent provisions of the contract before us at the
writing of said opinion, and the authorities establishing the
status of independent contractor under such provisions, we
held that the cement tax accrued on sales made by the Lone
Star Cement Corporation in connection with such contract.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable George H. Sheppard, Page 2

There has been kindly submitted to us, for examination in connection with the instant question, a copy of Contract NOy-4090 between the Bureau of Yards and Docks of the U. S. Navy and the Brown-Bellows-Columbia Construction Company, for the construction of a Naval Air Base at Corpus Christi, and from an examination and consideration of all pertinent provisions and features thereof, we have reached the conclusion, upon the principles and under the authorities discussed in our opinion No. O-3049, that the Brown-Bellows-Columbia Construction Company is thereby constituted an independent contractor with the Federal Government for the construction of the described project on a "cost-plus-a-fixed-fee" basis, rather than a mere purchasing agent or instrumentality for the Federal Government. It follows, therefore, under the authorities cited and discussed in the opinion adverted to, that the tax levied by Article 7047, Section 41a, Subsection (a), Revised Civil Statutes of Texas, could constitutionally be imposed upon and collected from the Lone Star Cement Corporation, as seller of such cement, even though such tax should be passed on as part of the purchase price, to such independent contractor and ultimately to the Federal Government, so as to increase, pro tanto, the construction costs of this project.

As in opinion No. O-3049, our conclusion here as to the taxability of the transaction finds additional support in the express undertaking by the Government, in the face of the contract (Article 27, Subdivision o), to reimburse the general contractor, Brown-Bellows-Columbia Construction Company, to the following extent:

"(o) The net amount of any U. S. Social Security taxes and any State or local taxes, fees, or charges which the contractor may be required on account of this contract to pay on or for any plant, equipment, process, organization, materials, or personnel under any applicable valid law or regulations issued by competent authority."

The possible claim of the Lone Star Cement Corporation against Brown-Bellows-Columbia Construction Company, and, in turn, of such latter company against the Federal Government, for reimbursement, under the above quoted provision of the con-

Honorable George H. Sheppard, Page 3

tract, of cement taxes paid to the State, is a controversy between the parties arising out of contract rather than the tax measure here involved, and hence beyond the proper scope of this opinion. However, we do say that such tax measure is applicable to sales of cement by the Lone Star Cement Corporation, despite the declarations contained in its letter transmitting bids and in purchase order covering shipments of cement, to the effect that such materials "are for the exclusive use of the United States and title to the same vests in the United States upon their delivery to the custody of Brown and Root, Inc., W. S. Bellows, and Columbia Construction Company, Contract NOy-4090, Naval Air Training Station, Corpus Christi, Texas," and "Federal excise tax, state and local taxes are not applicable to this purchase for the sole account of the United States."

    Trusting the foregoing fully answers your inquiry, we are

                               Yours very truly

                           ATTORNEY GENERAL OF TEXAS

APPROVED APR 16, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

By        Pat M. Neff, Jr.
                  Assistant

PMN:aj



APPROVED
OPINION
COMMITTEE
BY_____
CHAIRMAN